UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR PANFILOV,<br><br>    Petitioner,<br><br> v.<br><br>PAMELA BONDI, et al.,<br><br>    Respondents. | Case No. 2:25-cv-02027-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Igor Panfilov petitions the Court under 28 U.S.C. § 2241 for relief from physical custody by Immigration and Customs Enforcement ("ICE"). Dkt. 1. For the reasons stated below, the Court GRANTS the petition.

## I. BACKGROUND

**A. Petitioner's re-detention**

Mr. Panfilov was born in the U.S.S.R., in what is today Kyrgyzstan, in 1978. Dkt. 15-1. Mr. Panfilov was admitted to the United States as a refugee in 1994, when he was 16 years old, and his immigration status was adjusted to lawful permanent resident ("LPR") in 1996. *See* Dkt. 1 at 5; Dkt. 15-1 at 3. In 2007, Mr. Panfilov was convicted in Washington state court for three counts of possession of stolen property, possession of a firearm without an alien firearm

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

license, and possession of a machine gun or short-barreled shotgun or rifle. Dkt. 16 ¶¶ 4–5. Mr. Panfilov was sentenced to 22 months in prison. Dkt. 15-2 at 7.

On May 7, 2008, the Immigration and Naturalization Service ("INS") detained Mr. Panfilov and charged him with being removable for his commission of an aggravated felony. Dkt. 16 ¶ 6; Dkt. 15-3. An immigration judge ordered Mr. Panfilov removed to Russia, with an alternative country of removal of Kyrgyzstan, on July 29, 2008. Dkt. 16 ¶ 7; Dkt. 15-4 at 12. On September 10, 2008, the government submitted travel document requests to the Russian and Kyrgyz embassies. Dkt. 16 ¶ 8. The Russian embassy denied the request. *Id*. ¶ 9. Although it is unclear whether the Kyrgyz embassy ever directly responded to the request, no travel document for Mr. Panfilov was ever issued. *Id*.; Dkt. 1 at 6. Mr. Panfilov was then released from immigration custody on an order of supervision on November 10, 2008. Dkt. 16 ¶ 10; Dkt. 15-5.

Mr. Panfilov alleges he complied with the order of supervision, "check[ing] in with ICE every six months through either a video call or by sending a picture of his location." Dkt. 1 at 5. Mr. Panfilov was detained briefly from August 17, 2024 to September 3, 2024, when he was denied entry into Canada from Niagara Falls, New York. Dkt. 16 ¶ 11. He was then released on another order of supervision. Dkt. 15-6. ICE detained Mr. Panfilov when he arrived at the Portland ICE facility for an in-person check-in appointment on June 12, 2025. Dkt. 1 at 5–6; Dkt. 15-8.

**B.     ICE's requests for travel documents**

In support of their response, Defendants submitted a declaration from Daniel Strzelczyk, an ICE officer working in the Office of Enforcement and Removal Operations ("ERO"), detailing the government's renewed efforts to deport Mr. Panfilov. Dkt. 16. Strzelczyk states that ICE revoked Mr. Panfilov's order of supervision when he was detained in June "due to ERO

believing there to be a significant likelihood of removal in the reasonably foreseeable future." *Id.* ¶ 13. Respondents have provided no facts to support or explain ERO's belief.

Strzelczyk further states that "[a] travel document request has been prepared by the Tacoma Field Office and submitted to the Kyrgyzstan consulate. ERO has possession of Petitioner's birth certificate, which shows he was born in the USSR in what is now Kyrgyzstan, and which will be included with the request." *Id.* ¶ 14. Respondents provide no further information on the status of the travel document request.

C.     **Procedural history**

On October 17, 2025, Mr. Panfilov filed his habeas petition and moved to appoint the Federal Public Defender as counsel. Dkts. 1, 2. Magistrate Judge Grady J. Leupold appointed counsel on October 23, 2025, Dkt. 8, and the parties subsequently stipulated to a briefing schedule on the merits of the habeas petition. Dkt. 11. Respondents also stipulated that they would not remove Mr. Panfilov to any country other than Kyrgyzstan while this matter is pending. Dkt. 13.[1] Respondents submitted their response on November 5, 2025, and Mr. Panfilov replied on November 12, 2025. Dkts. 14, 17.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or

---

[1] Mr. Panfilov's habeas petition originally sought injunctive relief restricting his removal to a third country in addition to release from custody. Dkt. 1 at 3, 17–19. This Court could provide equitable relief on those claims if Mr. Panfilov met the standard for a permanent injunction because he invoked this Court's federal question as well as habeas jurisdiction. *See Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). But because Mr. Panfilov did not maintain these claims in his reply brief and did not respond to Respondents' arguments that he does not have standing or cannot show a likelihood of irreparable harm because Respondents do not intend to seek third-country removal, *see generally* Dkt. 17, the Court considers these claims abandoned.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

The re-detention and revocation of supervised release of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13(i). ICE may revoke a noncitizen's release (1) if they violate the conditions of their release or (2) if, "on account of changed circumstances," ICE determines there is a significant likelihood the noncitizen may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(1), (2).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

### III.  DISCUSSION

Mr. Panfilov is a noncitizen who has been present in the United States for 31 years. Dkt. 1 at 5. He is entitled to the protections of the Due Process Clause. *Zadvydas*, 533 U.S. at 693. Having been detained for a total of 11 months, Dkt. 1 at 5–6, his detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. And Mr. Panfilov's evidence showing (1) the government's failure to deport him for 17 years, after it first requested travel documents

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

in 2008, *see* Dkt. 16 ¶¶ 7–10; and (2) that the government detained him without securing a travel document from Kyrgyzstan and failed to make any progress toward obtaining one between June and November, *see id*. ¶¶ 13–14, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. at 701. In response, the government represents that (1) it submitted a travel document request for Mr. Panfilov to Kyrgyzstan; and (2) it attached Mr. Panfilov's birth certificate, which shows he was born in the Soviet Union in what is now Kyrgyzstan, to the request. Dkt. 14 at 6 (citing Dkt. 16 ¶ 14).

The government's representations here are not persuasive enough to rebut Mr. Panfilov's showing that his detention has become indefinite. As Mr. Panfilov notes in his reply, Strzelczyk's declaration does not say when ERO submitted the travel document request nor does the government offer any evidence to support the conclusory assertion that ERO "believ[es]" obtaining a travel document from Kyrgyzstan will be more likely than it was in 2008. *See* Dkt. 16 ¶¶ 13–14; Dkt. 17 at 4–5. Nor does the government say whether Kyrgyzstan has responded to the request or how long it expects the Kyrgyz government to take to respond. In short, the government offers *no* evidence or argument to distinguish this renewed request from the unsuccessful one it made 17 years ago or explain why it may procure a different result.

Because there is not a significant likelihood Kyrgyzstan will accept Mr. Panfilov in the reasonably foreseeable future, his detention is no longer permitted by the INA as construed in *Zadvydas*. *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Mr. Panfilov's detention is unlawful and he must be released. *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (allowing release upon a finding that

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

removal was not reasonably foreseeable). The Court therefore GRANTS the petition for writ of habeas corpus. Dkt. 1.

## IV.   CONCLUSION

For these reasons, the Court GRANTS the petition for writ of habeas corpus. Dkt. 1. Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are ORDERED to immediately release Petitioner Igor Panfilov from custody under the conditions of his most recent order of supervision.

Dated this 14th day of November, 2025.

_____
Tiffany M. Cartwright
United States District Judge